XIA CHEN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, United States Department of Justice, Respondents.

No. 06–3593–ag.

United States Court of Appeals, Second Circuit.

April 30, 2007.

Norman Kwai Wing Wong, New York, NY, for Petitioner.

Leura G. Canary, United States Attorney, Middle District of Alabama; Patricia Allen Conover, Assistant United States Attorney, Montgomery, AL, for Respondents.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Xia Chen, a native and citizen of the People's Republic of China, seeks review of a July 13, 2006 order of the BIA affirming the February 1, 2005 decision of Immigration Judge ("IJ") Noel Ferris denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xia Chen,* No. A 79 389 243 (B.I.A. July 13, 2006), *aff'g* No. A 79 389 243 (Immig. Ct. N.Y. City Feb. 1, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D).

■ Chen's argument that her inability to file an asylum application before the May 2004 hearing constituted extraordinary circumstances excusing her untimely filing merely challenges factual determinations and the agency's exercise of discretion. Chen's assertions that 8 U.S.C. § 1158(a)(2)(D) provides an exception to the one-year filing deadline based on "extraordinary circumstances," and that the IJ denied her due process by denying her asylum claim are without merit. Because Chen has merely cloaked a factual argument in legal and constitutional terms, this Court lacks jurisdiction to review her asylum claim. *Xiao Ji Chen v. U.S. Dept. of Justice,* 471 F.3d 315, 330–33 (2d Cir.2006).

Section 1158(a)(3) applies only to asylum requests and does not divest this Court of jurisdiction under § 1252(a) to review final orders of removal which deny other forms of relief. *See Joaquin–Porras v. Gonzales,* 435 F.3d 172, 180–81 (2d Cir.2006). We may therefore review Chen's remaining claims on the merits.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d

Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ Substantial evidence supports the BIA's and IJ's findings that Chen failed to meet her burden of proof to establish eligibility for withholding of removal. Even assuming credibility, we have held that children of individuals who are persecuted under the Chinese family planning policy are not *per se* entitled to asylum. *See Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 304–05 (2d Cir.2005). In addition, to not having been directly victimized, Chen did not otherwise allege circumstances that might give rise to a finding of persecution. *Cf. Jorge–Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir.2006).

Further, while we have recently expressed concerns regarding the possibility of an official policy of forced sterilization of parents of two or more children in Fujian Province, such concerns have no bearing on Chen's fear of persecution under China's birth control policy as articulated in the record below. *See Jin Xiu Chen v. U.S. Dep't of Justice*, 468 F.3d 109 (2d Cir.2006); *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006); *Tian Ming Lin v. U.S. Dep't of Justice*, 473 F.3d 48 (2d Cir.2007). Her fear of forcible sterilization is conditioned on her desire to have children at some point in the indefinite future. This fear is too speculative, and thus objectively insufficient, to support a well-founded fear of future persecution.

*See, e.g., Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006).

Moreover, Chen has not demonstrated eligibility for relief based on any deprivation she suffered because of her father's death. While Chen's family may have suffered emotional, social, and economic hardships due to the loss of her father, there is nothing in the record to indicate that the alleged sterilization of Chen's father by the Chinese authorities led to his death. Therefore, she has failed to demonstrate that the Chinese government "inflicted" harm or suffering upon her. *See Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985).

■ Finally, substantial evidence supports the BIA's and IJ's findings that Chen failed to meet her burden of proof to establish eligibility for relief under the CAT. Although Chen claimed that she would be fined, imprisoned and beaten because she was smuggled out of the country, or that she would be tortured by loansharks with the acquiescence of government officials, she proffered no evidence indicating that such events would transpire.

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. Having completed our review, the pending motion for a stay of removal is DISMISSED as moot.